IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2044-FL

| | | |
|---|---|---|
| TINDRICK ZEIGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on petitioner's motion for reconsideration, (DE 28), pursuant to Federal Rule of Civil Procedure 59(e). Respondent did not respond to the motion. For the reasons that follow, the court grants the motion, vacates its September 23, 2019, judgment, denies respondents' motion for summary judgment, and grants petitioner's petition for writ of habeas corpus.

## BACKGROUND

The court summarized the factual and procedural background of this action in its September 23, 2019, order, which is restated in relevant part below:

> On October 12, 2006, federal authorities indicted petitioner in the Eastern District of New York on one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). United States v. Zeigler, No. 2:06-CR-680-SJF-AKT (E.D.N.Y. Oct. 12, 2006). On May 16, 2007, the United States District Court for the Eastern District of New York ("Eastern District of New York") entered order setting conditions of pretrial release. Id. (May 16, 2007). On August 13, 2009, New York authorities arrested petitioner and charged him with criminal possession [of] a weapon and resisting arrest. (Clarke Decl. (DE 13-1) ¶ 4). Following the arrest, petitioner remained in

primary state custody awaiting trial on the state charges. (See id. ¶¶ 4-5). On September 1, 2009, petitioner was temporarily transferred to federal custody, pursuant to a writ of habeas corpus ad prosequendum, for hearing on revocation of pretrial release. United States v. Zeigler, No. 2:06-CR-680-SJF-AKT (E.D.N.Y. Sept. 1, 2009). The Eastern District of New York revoked conditional release and ordered petitioner detained pending trial on his federal charges. Id. Federal authorities then returned petitioner to primary state custody. (Clarke Decl. (DE 13-1) ¶ 5).

On an unidentified date, federal authorities filed superseding information charging petitioner with conspiracy to distribute and possess with intent to distribute at least 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii). United States v. Zeigler, No. 2:06-CR-680-SJF-AKT (E.D.N.Y. Aug. 8, 2010). Petitioner pleaded guilty to this offense. Id. On July 26, 2010, state authorities transferred petitioner to temporary federal custody, pursuant to a writ of habeas corpus ad prosequendum, for his sentencing. Id. The Eastern District of New York sentenced petitioner to 144 months' imprisonment and five years' supervised release. Id. At sentencing, the Eastern District of New York did not indicate whether petitioner's federal sentence should run concurrent or consecutive to petitioner's anticipated state sentence. Id.; (see also Clarke Decl. (DE 13-1) ¶ 6). Federal authorities then returned petitioner to primary state custody, where his state criminal charges remained pending, and filed the federal judgment as a detainer. (Clarke Decl. (DE 13-1) ¶ 7). On September 16, 2010, a New York state court sentenced petitioner to five years' imprisonment for criminal possession of a weapon, second degree, and ordered the state sentence to run concurrent to the federal sentence. (Id. ¶ 8).

On October 11, 2011, petitioner requested that the BOP designate, nunc pro tunc, his state prison as the place of imprisonment for his federal sentence, which effectively would credit the time he served in state custody towards his federal sentence. (Id. ¶ 11). On December 13, 2011, the BOP completed a "Factors Under 18 U.S.C. [§] 3621(b) Worksheet." (Id. ¶¶ 11-12; Factors Worksheet (DE 13-5)). Under the first factor, "nature and circumstances of the offense," the BOP noted petitioner had been sentenced to a term of five years' imprisonment in New York state court for criminal possession of a weapon, and his current federal sentence was 144 months' imprisonment. (Factors Worksheet (DE 13-5)). Under "history and characteristics of the prisoner" the BOP noted that petitioner had not incurred any disciplinary infractions in BOP custody, but that his criminal history included the following: 1) 1996 conviction for distributing heroin and cocaine; 2) 2001 conviction for criminal facilitation; and 3) 2006 conviction for sale of a controlled substance. (Id.). Under the factor "any statement by the court that imposed the sentence" the BOP noted it had contacted the federal sentencing judge, who stated she did not intend petitioner's federal sentence to run concurrent

2

> to his state sentence. (Id.). The BOP denied the request for nunc pro tunc designation based on these factors, noting the federal sentencing judge "considered all factors to include state charges when determining term in effect." (Id.).
>
> Petitioner remained in primary state custody in service of the state sentence until November 13, 2013. (Id. ¶ 9). At that time, state authorities transferred petitioner to the primary jurisdiction of the federal government. (Id.).
>
> After his transfer to federal custody, the BOP prepared petitioner's federal sentence computation. (Id. ¶ 10). The BOP determined petitioner's federal sentence commenced on November 21, 2013, the date petitioner completed his state sentence and was transferred to federal custody. (Id.). Petitioner's anticipated release date, after application of good time credits, is May 4, 2024. (Id.). Under the BOP's sentence computation, petitioner's federal and state sentences do not run concurrently. (See id.).
>
> Petitioner appealed the BOP's decision denying his request for nunc pro tunc designation through the BOP's administrative remedy procedure, but the BOP rejected all of petitioner's appeals. (Clarke Decl. (DE 13-1) ¶ 14). Petitioner has exhausted his BOP administrative appeals. (Id.).
>
> On February 27, 2017, petitioner filed the instant petition for a writ of habeas corpus, alleging the BOP abused its discretion by denying his nunc pro tunc request.

Zeigler v. Andrews, No. 5:17-HC-2044-FL, 2019 WL 4635636, at *1-2 (E.D.N.C. Sept. 23, 2019). On December 22, 2017, respondent filed motion for summary judgment, which was fully briefed. The court then stayed the action pending resolution of an appeal in the United States Court of Appeals for the Fourth Circuit addressing similar claims. On September 23, 2019, the court lifted the stay, granted petitioner's motion for summary judgment, and denied a certificate of appealability. On September 30, 2019, petitioner filed notice of appeal of the court's ruling. On October 2, 2019, petitioner filed the instant motion for reconsideration of the September 23, 2019, order and judgment. That same day, the Fourth Circuit entered jurisdictional notice on this court's docket, stating that proceedings on appeal would be suspended pending resolution of the instant motion for reconsideration and directing the parties to immediately inform the Fourth Circuit when

3

the court resolves the motion. Respondent did not file response opposing the instant motion for reconsideration.

## DISCUSSION

Petitioner moves to alter or amend the court's September 23, 2019, judgment pursuant to Federal Rule Civil Procedure 59(e). Before addressing the merits of petitioner's Rule 59(e) motion, the court must confirm it has jurisdiction to consider the motion in light of petitioner's notice of appeal, which he filed before the Rule 59(e) motion. "The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." In re Grand Jury Proceedings Under Seal, 947 F.2d 1188, 1190 (4th Cir. 1991); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-60 (1982). However, the rule "is not absolute" and the district court "does not lose jurisdiction to proceed as to matters in aid of the appeal." Id. Where a party files a post-judgment motion to alter or amend a judgment pursuant to Rule 59(e), the court retains jurisdiction to resolve the motion under the in aid of an appeal exception. See Wolfe v. Clarke, 718 F.3d 277, 281 n.3 (4th Cir. 2013) (stating district court retained jurisdiction to amend its judgment pursuant to Rule 59(e) despite previously-filed notice of appeal); see also Fed. R. App. P. 4(a)(4)(B)(i) (providing notice of appeal filed before district court's resolution of Rule 59(e) motion does not become "effective" until the court rules on the motion); Fed. R. App. P. 4, Advisory Committee Notes (1993 Amendments) (explaining notice of appeal filed before timely Rule 59(e) motion "is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."). Accordingly, the court retains jurisdiction to resolve petitioner's Rule 59(e) motion.

4

The court thus turns to the merits of petitioner's motion. The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637. "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Here, petitioner relies on the third ground for granting a Rule 59(e) motion: to correct a clear error of law. Petitioner argues the court clearly erred by holding that the BOP properly considered the federal sentencing judge's stated intention that the federal and state sentence should run consecutively when denying his request for nunc pro tunc designation.

Under 18 U.S.C. § 3621(b), the BOP may "designate any available penal or correctional facility that meets minimum standards of health and habitability [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . ., that [the BOP] determines to be appropriate and suitable." The BOP must weigh five factors in making this determination:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence–

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Pursuant to § 3621(b), the BOP has authority to designate, nunc pro tunc, a state facility for service of a federal sentence. See Mangum v. Hallembaek, 824 F.3d 98, 101 (4th Cir. 2016) ("Mangum I"); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Where the inmate is subject to both federal and state sentences, the BOP's nunc pro tunc designation can have the effect of running his federal and state sentences concurrently. See Mangum I, 824 F.3d at 101.

In Mangum I, the Fourth Circuit considered a habeas petitioner's challenge to the BOP's denial of petitioner's request for nunc pro tunc designation. 824 F.3d at 99. Similar to petitioner, the Mangum petitioner was in primary state custody awaiting arraignment and sentencing on state criminal charges when the federal court imposed judgment. Id. at 99-100. The federal judgment was silent as to whether the federal sentence should run concurrent or consecutive to his anticipated state sentence. Id. at 100. After the Mangum petitioner's federal sentencing, the state court imposed a custodial sentence and ordered the sentence to run concurrently to the federal sentence. Id. However, when the Mangum petitioner arrived in federal custody, the BOP rejected his

request to designate, nunc pro tunc, the state prison as his federal place of imprisonment, thereby determining that his state and federal sentences must run consecutively. Id. at 100-01. Petitioner sought habeas relief pursuant to § 2241, but this court initially denied relief. Id. at 101.

On appeal, the Fourth Circuit concluded the BOP abused its discretion in denying the request for nunc pro tunc designation. As relevant here, the Fourth Circuit reasoned that

> [a]t the time Mangum was sentenced in the North Carolina federal court in May 2007, a federal district judge in this circuit was powerless to impose a federal sentence to be served consecutively to a state sentence that had not yet been imposed. See United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006) ("The plain language of [18 U.S.C. § 3584(a)] does not grant a district court authority to order that its sentence run consecutively to a future sentence."), abrogated in part by Setser [v. United States, 566 U.S. 231 (2012)], as stated in United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015). To be sure, Setser later resolved a circuit split in holding that, under § 3584(a), a district court "has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed," see [566 U.S. at 233]. Nonetheless, we are confident that any definition of an arbitrary and capricious determination by an administrative agency such as the BOP would include within it the agency's invocation of a presumed intention on the part of a federal sentencing judge [to run the sentence consecutively and thereby] do that which he was powerless to do under binding circuit precedent at the time he imposed a sentence. In this case, one might reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge did say rather than what the federal judge did not and could not say.

Id. at 102-03. The Fourth Circuit remanded the case to this court, with instructions to return the matter to the BOP to "fully evaluate all relevant factors under 18 U.S.C. § 3621(b) in a fashion consistent with the views expressed in this opinion." Id. at 103.

After remand, the BOP again denied the Mangum petitioner's request, relying on the federal sentencing judge's statement that he would not have ordered the federal sentence to run concurrently to the anticipated state sentence. Mangum v. Hallembaek, 910 F.3d 770, 774-75 (4th Cir. 2018) ("Mangum II"). The Mangum petitioner then filed a motion to compel in his

7

closed habeas action in this court, seeking an order directing the BOP to comply with the Mangum I mandate, which the court denied. Id. at 775. The Mangum petitioner appealed the court's order denying the motion to compel. Id.

In Mangum II, the Fourth Circuit reversed, holding the BOP failed "to evaluate the relevant factors under § 3261(b) in a manner consistent with our mandate." Id. at 776. In particular, the Fourth Circuit explained Mangum I established the federal sentencing court's views as to whether the sentence should run concurrent or consecutive to the anticipated state sentence were "legally irrelevant" under binding circuit precedent at the time the petitioner was sentenced and thus the BOP was not free to give the federal sentencing court's statement more weight than the state court's order for concurrent sentences. Id. at 777-78. In other words, "[u]nder our mandate [in Mangum I] the state court's statement was entitled as a matter of law to receive more weight than the federal court's views under binding circuit precedent at the time." Id. at 778.

The Fourth Circuit noted, however, that the BOP is not ordinarily bound by the state court's sentencing order when analyzing a § 3621(b) nunc pro tunc request. Id. The Mangum petitioner's case was unique because the federal sentencing court's views had to be "excluded from the analysis" and "the BOP's factors worksheet on its face provide[d] little indication of what factors would justify overriding the state court's preference and denying [the Mangum petitioner's] request . . . ." Id.

Here, petitioner argues that this action is indistinguishable from Mangum I and Mangum II because, at the time the Eastern District of New York imposed his sentence, that court also was powerless to run his federal sentence consecutive to an anticipated state sentence. Petitioner therefore contends the BOP should reconsider his nunc pro tunc request without considering the

8

federal sentencing judge's intention to run the sentences consecutively. See Mangum II, 910 F.3d at 778.

In its September 23, 2019, order, the court rejected petitioner's argument and concluded that petitioner's case was distinguishable from Mangum I and Mangum II. Zeigler, 2019 WL 4635636, at *6. The court explained the Eastern District of New York is in the Second Circuit, and therefore Second Circuit law governed the critical question of whether, at the time of petitioner's sentence, the federal sentencing judge had authority to run a federal sentence consecutive to an anticipated state sentence. Id. At the time of the September 23, 2019, order, the court's understanding was that Second Circuit law permitted the Eastern District of New York to run a federal sentence concurrent or consecutive to an anticipated state sentence. See id. (citing Salley v. United States, 786 F.2d 546, 547 (2d Cir. 1986)). Accordingly, the court held that the BOP properly considered the views of the federal sentencing judge and the BOP did not abuse its discretion by determining the federal sentencing judge's stated intention to run the sentences consecutively outweighed the state court's order for concurrent sentences. Id.

Turning to the instant motion for reconsideration, petitioner argues the court erred in holding that, at the time petitioner was sentenced, the Eastern District of New York had discretion to order the federal sentence to run consecutive to an anticipated state sentence. Petitioner is correct. Although the Second Circuit held in Salley that a federal district court has authority to order a sentence to run consecutive to an anticipated state sentence, that decision was subsequently abrogated in United States v. Donoso, 521 F.3d 144 (2d Cir. 2008), abrog'n recg'd, United States v. Olmeda, 894 F.3d 89 (2d Cir. 2018). In Donoso, the Second Circuit held that 18 U.S.C. § 3584(a) "does not authorize a district court to direct that a defendant's federal sentence run

consecutively to a not-yet-imposed state sentence." 521 F.3d at 149. Donoso was subsequently abrogated by Setser, which as discussed above held the district court has authority to impose such a sentence. Setser, 566 U.S. at 236-37; see also Olmeda, 894 F.3d at 92 (recognizing Setser abrogated Donoso).

Petitioner, however, was sentenced in 2010, after the Second Circuit decided Donoso but before Setser abrogated Donoso, and thus this action is similar Mangum I and Mangum II. As in the Mangum cases, at the time petitioner was sentenced, the federal sentencing court's views on whether petitioner's sentence should run concurrent or consecutive to his anticipated state sentence were "legally irrelevant." See Donoso, 521 F.3d at 149. The BOP therefore abused its discretion in denying petitioner's nunc pro tunc request, particularly where "the BOP's Factors Worksheet on its face provides little indication of what factors would justify overriding the state court's preference and denying [petitioner's] nunc pro tunc request once the federal court's views are properly excluded from the analysis." See Mangum II, 910 F.3d at 777-78; Mangum I, 824 F.3d at 102-03. The court committed a clear error of law by holding otherwise.[1]

Accordingly, the court will grant petitioner's Rule 59(e) motion, vacate the September 23, 2019, judgment, and enter revised final judgment reflecting that respondent's motion for summary judgment is denied and the petition for writ of habeas corpus is granted.

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion for reconsideration under Rule 59(e), (DE 28), and VACATES the September 23, 2019, judgment. The court also

---

[1] Notably, respondent did not respond to the instant Rule 59(e) motion, suggesting he does not contest petitioner's argument that the court committed a clear error of law.

10

VACATES IN PART the September 23, 2019, order to the extent such order held the BOP did not abuse its discretion in denying petitioner's request for nunc pro tunc designation and granted respondent's motion for summary judgment. For the reasons set forth above and in the retained portion of the September 23, 2019, order, the court DENIES respondent's motion for summary judgment, (DE 10), and GRANTS petitioner's petition for writ of habeas corpus. The clerk is DIRECTED to issue revised final judgment reflecting these amendments to the September 23, 2019, judgment, and to notify the Fourth Circuit of entry of this order and revised judgment.

The court returns this matter to the BOP and DIRECTS the BOP to reconsider petitioner's request for nunc pro tunc designation. The BOP shall give plenary consideration to petitioner's request for nunc pro tunc designation of the New York state facility as the place for service of his federal sentence in a manner consistent with the Fourth Circuit's opinions in Mangum I and Mangum II.

SO ORDERED, this the 14th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge