IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2044-FL

| | | |
|---|---|---|
| TINDRICK ZEIGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to compel performance, (DE 32, 33, 38). The issues raised are ripe for ruling. For the reasons that follow, the court grants petitioner's third motion to compel, denies as moot the remaining motions, and directs respondent to again reconsider petitioner's request for nunc pro tunc designation.

**BACKGROUND**

The court summarized the factual and procedural background of this action in its September 23, 2019, order, which is restated in relevant part below:

> On October 12, 2006, federal authorities indicted petitioner in the Eastern District of New York on one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). United States v. Zeigler, No. 2:06-CR-680-SJF-AKT (E.D.N.Y. Oct. 12, 2006). On May 16, 2007, the United States District Court for the Eastern District of New York ("Eastern District of New York") entered order setting conditions of pretrial release. Id. (May 16, 2007). On August 13, 2009, New York authorities arrested petitioner and charged him with criminal possession [of] a weapon and resisting arrest. (Clarke Decl. (DE 13-1) ¶ 4). Following the arrest, petitioner remained in primary state custody awaiting trial on the state charges. (See id. ¶¶ 4-5). On September 1, 2009, petitioner was temporarily transferred to federal custody, pursuant to a writ of habeas corpus ad prosequendum, for hearing on revocation of pretrial release. United States v. Zeigler, No. 2:06-CR-680-SJF-AKT (E.D.N.Y.

Sept. 1, 2009). The Eastern District of New York revoked conditional release and ordered petitioner detained pending trial on his federal charges. Id. Federal authorities then returned petitioner to primary state custody. (Clarke Decl. (DE 13-1) ¶ 5).

On an unidentified date, federal authorities filed superseding information charging petitioner with conspiracy to distribute and possess with intent to distribute at least 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii). United States v. Zeigler, No. 2:06-CR-680-SJF-AKT (E.D.N.Y. Aug. 8, 2010). Petitioner pleaded guilty to this offense. Id. On July 26, 2010, state authorities transferred petitioner to temporary federal custody, pursuant to a writ of habeas corpus ad prosequendum, for his sentencing. Id. The Eastern District of New York sentenced petitioner to 144 months' imprisonment and five years' supervised release. Id. At sentencing, the Eastern District of New York did not indicate whether petitioner's federal sentence should run concurrent or consecutive to petitioner's anticipated state sentence. Id.; (see also Clarke Decl. (DE 13-1) ¶ 6). Federal authorities then returned petitioner to primary state custody, where his state criminal charges remained pending, and filed the federal judgment as a detainer. (Clarke Decl. (DE 13-1) ¶ 7). On September 16, 2010, a New York state court sentenced petitioner to five years' imprisonment for criminal possession of a weapon, second degree, and ordered the state sentence to run concurrent to the federal sentence. (Id. ¶ 8).

On October 11, 2011, petitioner requested that the [Federal Bureau of Prisons ("BOP")] designate, nunc pro tunc, his state prison as the place of imprisonment for his federal sentence, which effectively would credit the time he served in state custody towards his federal sentence. (Id. ¶ 11). On December 13, 2011, the BOP completed a "Factors Under 18 U.S.C. [§] 3621(b) Worksheet." (Id. ¶¶ 11-12; Factors Worksheet (DE 13-5)). Under the first factor, "nature and circumstances of the offense," the BOP noted petitioner had been sentenced to a term of five years' imprisonment in New York state court for criminal possession of a weapon, and his current federal sentence was 144 months' imprisonment. (Factors Worksheet (DE 13-5)). Under "history and characteristics of the prisoner" the BOP noted that petitioner had not incurred any disciplinary infractions in BOP custody, but that his criminal history included the following: 1) 1996 conviction for distributing heroin and cocaine; 2) 2001 conviction for criminal facilitation; and 3) 2006 conviction for sale of a controlled substance. (Id.). Under the factor "any statement by the court that imposed the sentence" the BOP noted it had contacted the federal sentencing judge, who stated she did not intend petitioner's federal sentence to run concurrent to his state sentence. (Id.). The BOP denied the request for nunc pro tunc designation based on these factors, noting the federal sentencing judge "considered all factors to include state charges when determining term in effect." (Id.).

2

Petitioner remained in primary state custody in service of the state sentence until November 13, 2013. (Id. ¶ 9). At that time, state authorities transferred petitioner to the primary jurisdiction of the federal government. (Id.).

After his transfer to federal custody, the BOP prepared petitioner's federal sentence computation. (Id. ¶ 10). The BOP determined petitioner's federal sentence commenced on November 21, 2013, the date petitioner completed his state sentence and was transferred to federal custody. (Id.). Petitioner's anticipated release date, after application of good time credits, is May 4, 2024. (Id.). Under the BOP's sentence computation, petitioner's federal and state sentences do not run concurrently. (See id.).

Petitioner appealed the BOP's decision denying his request for nunc pro tunc designation through the BOP's administrative remedy procedure, but the BOP rejected all of petitioner's appeals. (Clarke Decl. (DE 13-1) ¶ 14). Petitioner has exhausted his BOP administrative appeals. (Id.).

On February 27, 2017, petitioner filed the instant petition for a writ of habeas corpus, alleging the BOP abused its discretion by denying his nunc pro tunc request.

Zeigler v. Andrews, No. 5:17-HC-2044-FL, 2019 WL 4635636, at *1-2 (E.D.N.C. Sept. 23, 2019). On December 22, 2017, respondent filed motion for summary judgment, which was fully briefed. The court then stayed the action pending resolution of an appeal in the United States Court of Appeals for the Fourth Circuit addressing similar claims. On September 23, 2019, the court lifted the stay, granted petitioner's motion for summary judgment, and denied a certificate of appealability.

Petitioner moved for reconsideration of the court's September 23, 2019, order. On November 14, 2019, the court granted the motion, vacated the September 23, 2019, order in part, and granted petitioner's petition. The court directed the BOP to "reconsider petitioner's request for nunc pro tunc designation . . . in a manner consistent with the Fourth Circuit's opinions in [Mangum v. Hallembaek, 824 F.3d 98 (4th Cir. 2016) ("Mangum I") and Mangum v. Hallembaek,

3

910 F.3d 770 (4th Cir. 2018) ("Mangum II")]."

On December 5 and 6, 2019, petitioner filed the instant motions to compel performance, seeking a court order directing the BOP to expedite its decision. On December 23, 2019, respondent filed "notice of compliance" with the court's November 14, 2019, order. The notice provides as follows:

> [BOP] officials at the Designation and Sentence Computation Center ("DSCC") completed a plenary consideration of [p]etitioner's request for a nunc pro tunc designation in a manner consistent with [Mangum I and Mangum II]. The BOP's reconsideration resulted in a denial of [p]etitioner's nunc pro tunc designation request. . . .
>
> Because any subsequent challenge to the BOP's decision would be questioning a new BOP determination, [p]etitioner is required to exhaust . . . BOP administrative remedies, and if unsuccessful, file a new habeas petition.

(DE 34 at 1-2).

On January 28, 2020, petitioner filed the instant third motion to compel performance, arguing the BOP's nunc pro tunc determination did not comply with the court's November 14, 2019, order or Mangum cases. In support of the motion, petitioner attached the BOP's December 23, 2019, decision denying nunc pro tunc relief, which in relevant part provides as follows:

> Your case was reviewed based on the Fourth Circuit's opinions [in Mangum I and Mangum II]. In your case, the justification for overriding the state court's desire for concurrency, and denying your request is based on the following: Inconsistent with the Fourth Circuit['s] Mangum case[s], the Second Circuit federal sentencing court at the time of sentencing in your case, was aware of the impending sentencing in your unrelated state case. Also inconsistent with Mangum, court information reflects that your sentencing court utilized its knowledge of the impending state sentence to fashion what it believed to be an appropriate 144 month federal sentence, and it was expected to be served after your yet-to-be imposed state sentence. Therefore, based on this review the Bureau denied your request for a nunc pro tunc designation. If you are not satisfied with this response, you may utilize the administrative remedy process.

4

(DE 38-1 at 2). Respondent did not respond to petitioner's third motion to compel.

## DISCUSSION

Under 18 U.S.C. § 3621(b), the BOP may "designate any available penal or correctional facility that meets minimum standards of health and habitability [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . ., that [the BOP] determines to be appropriate and suitable." The BOP must consider five factors in making this determination:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence–

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Pursuant to § 3621(b), the BOP has authority to designate, nunc pro tunc, a state facility for service of a federal sentence. See Mangum I, 824 F.3d at 100-01; Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Where the inmate is subject to both federal and state sentences, the BOP's nunc pro tunc designation can have the effect of running his federal and state sentences concurrently. See Mangum I, 824 F.3d at 101.

As noted, the fourth § 3621(b) factor requires that the BOP consider any statement by the

court that imposed the sentence. Thus, the BOP ordinarily solicits the views of the federal sentencing judge before making the nunc pro tunc designation, particularly if the designation would have the effect of running the state and federal sentences concurrently. See Setser v. United States, 566 U.S. 231, 237-38 (2012) (holding the BOP should not use its nunc pro tunc authority to effectively run a federal sentence concurrently or consecutively to a state sentence without instruction from the federal sentencing court); United States v. Lynn, 912 F.3d 212, 219-20 (4th Cir. 2019) (Floyd, J., concurring in part and dissenting in part). However, as discussed in detail in the court's prior orders, Mangum I and Mangum II hold that where a federal sentencing court was powerless to run the federal sentence consecutive to an anticipated state sentence at the time of sentencing, the federal sentencing court's views on whether the federal sentence should run concurrently or consecutively to the state sentence are "legally irrelevant" and must be "excluded from the [§ 3621(b)] analysis." Mangum II, 910 F.3d at 778-79.[1]

As the BOP acknowledges and the court previously found, this case is similar to Mangum II because at the time of petitioner's sentence binding precedent from the United States Court of Appeals for the Second Circuit precluded the federal sentencing court from running the federal sentence consecutive to an anticipated state sentence. (See DE 30 at 9-10 (citing United States v. Donoso, 521 F.3d 144 (2d Cir. 2008), abrog'n recg'd, United States v. Olmeda, 894 F.3d 89 (2d Cir. 2018)). Furthermore, as in Mangum II, petitioner has submitted undisputed evidence that the state court intended the state sentence to run concurrent to petitioner's federal sentence. (State

---

[1] After petitioner was sentenced, the United States Supreme Court held that the federal sentencing court has exclusive authority to determine whether a federal sentence runs consecutive or concurrent to a state sentence and thus the BOP generally cannot use its authority to designate an inmate's place of imprisonment to make "what amounts to" a sentencing determination. Setser v. United States, 566 U.S. 231, 237-38 (2012). The court's analysis herein is "limited to the law as it stood at the time of [petitioner's] federal sentencing." Mangum II, 910 F.3d at 778 n.6.

Sentencing Tr. (DE 1-2)). In these circumstances, the Fourth Circuit has held that the BOP abuses its discretion by invoking the legally irrelevant views of the federal sentencing judge as the reason for denying nunc pro tunc designation. Mangum I, 824 F.3d at 103. In order to properly evaluate the § 3621(b) analysis in this case, the BOP must "exclude" the federal sentencing court's views from the § 3621(b) analysis, and "weigh heavily" the state court's preference for concurrent sentences. Mangum II, 910 F.3d at 778-79.

The BOP's revised nunc pro tunc determination does not comply with Mangum I, Mangum II, or the court's November 14, 2019, order. The BOP's determination, set forth in relevant part above, relies solely on the following: "[the] federal sentencing court at the time of sentencing in your case[] was aware of the impending sentencing in your unrelated state case" and "court information reflects that [the federal] sentencing court utilized its knowledge of the impending state sentence to fashion what it believed to be an appropriate 144 month federal sentence [which it] expected to be served after your yet-to-be-imposed state sentence." (DE 38-1 at 2). This determination does not "exclude from the analysis" the federal court's views, and it does not "weigh heavily" the state court's preference for concurrent sentences. Mangum II, 910 F.3d at 778-79; see also Mangum I, 824 F.3d at 103. Respondent does not appear to contest this analysis where he has failed to substantively respond to petitioner's motion to compel.

Respondent's "notice of compliance" suggests that the court should deny the instant motion to compel because the BOP's December 23, 2019, nunc pro tunc decision constitutes a new agency determination and petitioner therefore must exhaust administrative remedies before seeking further habeas relief. Respondent's argument is conclusory, unsupported, and lacks persuasive force in this context.

It is true that federal inmates generally must exhaust administrative remedies prior to filing § 2241 petitions. See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010). Here, however, petitioner exhausted administrative remedies with respect to the BOP's first denial of his nunc pro tunc request, and successfully challenged the BOP's adverse determination in a petition for writ of habeas corpus. On remand, the BOP failed to comply with this court's order granting habeas relief, and petitioner now seeks a court order directing the BOP to comply with the habeas order.[2] Respondent provides no legal authority or substantive argument supporting application of the administrative exhaustion requirement in these circumstances. Under the respondent's theory, the BOP can delay resolution of petitioner's claim indefinitely by repeatedly denying nunc pro tunc designation on the same (legally erroneous) basis and requiring petitioner to file a new habeas petition after each denial. At the very least, the court may excuse the exhaustion requirement in these circumstances. See id. (explaining failure to exhaust administrative remedies before seeking § 2241 relief may be excused in "exceptional circumstances"); cf. Mangum II, 910 F.3d at 775-76 (reviewing merits of this court's denial of a motion to compel the BOP to comply with appellate court mandate in analogous circumstances).

Mangum I and Mangum II dictate that the BOP abused its discretion by considering the

---

[2] Having decided an issue of law in this proceeding, and in the absence of an appeal, the BOP is not free to disregard this court's legal determinations on remand. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 218-19 (1995) ("Having achieved finality, however, a judicial decision becomes the last word of the judicial department with regard to a particular case or controversy, and [a coordinate branch of government] may not declare . . . that the law applicable to that very case was something other than what the courts said it was."); Baez-Sanchez v. Barr, 947 F.3d 1033, 1035-37 (7th Cir. 2020); cf. Mangum II, 910 F.3d at 776 n.3. That being said, the court recognizes the BOP has broad discretion when considering nunc pro tunc requests, and the court's decision herein should not be construed as directing the BOP to reach a particular outcome in this case. In exercising this discretion, however, the BOP may not invoke the federal sentencing court's preference for consecutive sentences as the basis for denying the request. See Mangum II, 910 F.3d at 778-79.

federal sentencing court's views when it denied petitioner's nunc pro tunc request. The court therefore must again return this matter to the BOP for re-evaluation of petitioner's nunc pro tunc request. In conducting this review, the BOP "shall not invoke the views of the federal sentencing court and shall weigh heavily the state court's desire for concurrent sentences in the course of conducting a full and proper evaluation of all relevant factors under 18 U.S.C. § 3621(b)." See Mangum II, 910 F.3d at 779.

## CONCLUSION

Based upon the foregoing, the court GRANTS petitioner's January 28, 2020, motion to compel, (DE 38), and DENIES AS MOOT petitioner's remaining motions, (DE 32, 33). The court DIRECTS the BOP to reconsider petitioner's request for nunc pro tunc designation in light of this order. Respondent is DIRECTED to file notice of compliance with this order within **45 days**.

SO ORDERED, this the 7th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge